**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN EVAN KIST,

    Plaintiff,

v.                                            Case No. 8:12-cv-39-T-30AEP

JOHN O. HUBBARD, SR., et al.,

    Defendants.
_____/

**O R D E R**

The Court has for its consideration the *pro se* prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983 (Dkt. 1), and motion for leave to proceed *in forma pauperis* (Dkt. 2). The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed.

The complaint alleges that on April 6, 1998, Defendant Hubbard, a Pinellas County, Florida, Deputy Sheriff, illegally seized Plaintiff's pickup truck, and the truck has never been returned to Plaintiff. Claims brought under § 1983 in federal court are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citations omitted). The incident from which Plaintiff's claim arises occurred on April 6, 1998. This action was filed more than thirteen years later, in January 2012.

Plaintiff contends that his cause of action did not accrue until either July 5, 2008, when Plaintiff filed a demand for the return of his truck, or March 17, 2009, when the Pinellas County Sheriff's Office sent him a letter indicating that the company that had been holding his truck had disposed of it in 2002 (Dkt. 1 at pgs. 13, 37). Plaintiff is incorrect.

The accrual date of a § 1983 cause of action is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). An action accrues "when the plaintiff has 'a complete and present cause of action.' . . . [A] cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)). "'The general federal rule is that 'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

The facts underlying Plaintiff's claim of illegal seizure of his truck occurred on April 6, 1998. Accordingly, Plaintiff's § 1983 claim accrued when "the facts which would support a cause of action" were apparent or should have been "apparent to a person with a reasonably prudent regard for his rights." Those facts were or should have been apparent to Plaintiff in 1998 when the allegedly illegal seizure of his truck took place. According to the allegations

of the complaint, Plaintiff was aware of the seizure of his truck when it occurred. Consequently, contrary to Plaintiff's assertion, his § 1983 claim accrued in 1998 when the truck was seized, and not after he made a demand for the return of the truck in 2008. *See Kittrell v. City of Rockwall*, 526 F.2d 715 (5th Cir. 1976) (statute of limitations begins to run on the date an interest in property is wrongfully appropriated)[1]; *Johnson v. Cullen*, 925 F. Supp. 244, 249 (D. Del. 1996) (courts "have uniformly held that in section 1983 cases concerning deprivation of one's property, the violation of one's civil rights accrues when the property is seized"); *MacNamara v. Hess*, 67 Fed. Appx. 139, 143-144 (3d Cir. 2003) (unpublished) ("Although this Court has not had occasion to address the issue in a Section 1983 action alleging an unlawful seizure of property, without exception courts that have faced the question have found that the retention of the seized property is only a consequence of the original alleged illegal seizure and does not affect the date on which the claim accrues.") (citing *Johnson v. Cullen*, 925 F. Supp. at 249-50). Therefore, Plaintiff's claim is barred by the applicable statute of limitations.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915A because the allegations are barred by the statute of limitations.

2. Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted the precedent of the former Fifth Circuit as binding precedent.

    3.    The **Clerk** is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*